UNITED STATES OF AMERICA

in the

## UNITED STATES DISTRICT COURT
### Eastern District of Wisconsin

In Admiralty

---

|  |  |
|---|---|
| **SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC** d/b/a **SOUTHPORT MARINA** A Wisconsin Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> The Motor Vessel **PERSEVERANCE**, <br><br> Defendant, *In Rem*. | Case No.: |

## VERIFIED COMPLAINT *IN REM*

NOW COMES the Plaintiff, SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA, and for its Verified Complaint *In Rem* against the motor vessel PERSEVERANCE, together with her engines, tackle, fittings, gear, electronics, and appurtenances, states as follows:

### Introductory Allegation

1. This suit *in rem* is prosecuted for the purpose of foreclosing a maritime lien for necessaries in favor of the Plaintiff and against the Defendant Vessel under the provisions of 46 U.S.C. § 31342 and the general maritime law of the United States.

-1-

## The Parties

2.  The Plaintiff, SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA [hereafter "SOUTHPORT"], is a Wisconsin limited liability company authorized to do business within the State of Wisconsin and conducting the principal portion of its business activities at 21 South 56th Street, Kenosha, [Kenosha County] Wisconsin 53140, which is within the jurisdictional limits of the Eastern District of Wisconsin.

3.  The Plaintiff is principally engaged as a professional marina business which includes the hauling, storing, winterizing, protecting, and safeguarding of vessels against the ravages of the navigable waters of the Great Lakes as well as the deleterious effects of exposure to the elements.

4.  The *In Rem* Defendant, the M/V PERSEVERANCE, is a certain 1975 Bertram motor vessel, more particularly described by her Official Number: 570017, and by her Hull Identification Number [HIN] BERR0101M75A [hereafter referred to, together with her engines, tackle, fittings, gear, electronics, and appurtenances, as the "Vessel"] and which is 58' in overall length, more or less. Upon information and belief, the Vessel is a Documented Vessel within the United States Coast Guard Documentation System and holds Official Number: 570017.

## Allegations of Fact

5.  Upon information and belief, the Vessel is owned by W. William Marsh and Penelope R. Marsh [hereafter collectively referred to as the "Owners"] who reside at W 4684 Potter Road, Elkhorn, Wisconsin 53121.

6. Upon information and belief, the Vessel is, or may be, subject to a Preferred Ship Mortgage made by the Owners in favor of First National Bank & Trust Company [hereafter referred to as the "Mortgagee"], the last known address of which is 190 East Grand Avenue, Beloit, Wisconsin 53511 and which may have a security interest in the Vessel under the provisions of the Ship Mortgage Act, being 46 U.S.C. § 31301, *et seq.*

7. At the time this suit in admiralty commenced, the Vessel is, at the direction of her Owners, in summer and winter storage having been removed by the Plaintiff from the navigable waters of the United States, the State of Wisconsin, and the Eastern District of Wisconsin, to wit: Lake Michigan.

8. Upon information and belief, at the time this suit in admiralty is commenced, the Vessel, if her release is secured by the provisions of Fed.R.Civ.P. Supplemental Rule E (5) relating to Special and General Bonds in maritime attachment proceedings, will be launched upon the navigable waters of the United States, the State of Wisconsin, and the Eastern District of Wisconsin, to wit: Lake Michigan.

9. At the direction of the Owners, the Vessel, together with her engines, tackle, fittings, gear, electronics, and appurtenances, was removed from the navigable waters of Lake Michigan in the Fall of 2015 for the purpose of securing the Vessel, her engines, equipment, and accouterments against the vagaries of winter weather and the action of the waves upon Lake Michigan.

10. At the direction of the Owners in late 2015 or early 20016, and pursuant to a written contract, a true copy of which is attached hereto as **EXHIBIT A**, the Vessel, together with her engines, tackle, fittings, gear, electronics, and appurtenances, was kept by the

Plaintiff in protected storage for the purpose of securing the Vessel, her engines, tackle, fittings, gear, electronics, and appurtenances against the vagaries of weather and the action of the waves upon Lake Michigan.

11. The removal of the Vessel from the navigable waters of Lake Michigan into Winter Storage in the Fall of 2015 was necessary and customary for that purpose.

12. Since the removal of the Vessel from the navigable waters of Lake Michigan in the Fall of 2015 the Plaintiff has continuously stored the Vessel and protected it against the vagaries of weather and the action of the waves upon Lake Michigan.

13. The protection and storage of the Vessel by the Plaintiff since its removal from the navigable waters of Lake Michigan in the Fall of 2015 to the present day has been necessary, customary, and reasonable for vessels of its type and description.

14. After the removal of the Vessel from the navigable waters of Lake Michigan and in late 2015 or early 2016, the Owners have neglected and refused to pay the Plaintiff's reasonable charges for the protection and storage of the Vessel.

15. Upon information and belief, at the time this action in admiralty is commenced, the Vessel is, or will be during the pendency of this action, located upon, or protected in summer and winter storage from the elements of, the navigable waters of the State of Wisconsin and the Eastern District of Wisconsin, to wit Kenosha, Wisconsin, which is part of the navigable waters of the United States.

**Jurisdictional Allegations**

16. This matter involves a claim for relief within the admiralty and maritime jurisdiction of this Court and within the meaning of Fed.R.Civ.P. 9(h) and the Supplemental Rules for

Certain Admiralty and Maritime Cases, Fed.R.Civ.P. Specifically, this is an action *in rem* to enforce a maritime lien under Rule C (1)(a) of the Supplemental Rules for Certain Admiralty and Maritime Cases.

17. Original and exclusive jurisdiction over this claim is vested in this Court by virtue of the provisions of 28 U.S.C. § 1333 (1), relating to civil cases of admiralty and maritime jurisdiction.

18. The *In Rem* Defendant Vessel herein is presently located in the State of Wisconsin and within the geographical boundaries of the United States District Court for the Eastern District of Wisconsin, within the meaning of Supplemental Rule C (2).

### COUNT I
### COMPLAINT *IN REM* AGAINST THE VESSEL
*Action to Foreclose Maritime Lien*

19. The allegations set forth in paragraphs 1-18, above, are realleged by this reference to them as if they were fully set forth herein.

20. The protection and storage of the Vessel by the Plaintiff were, and remain, "necessaries", within the meaning of the Maritime Lien Act, being 46 U.S.C. § 31301 (4)

21. By virtue of its protection and storage of the Vessel, the Plaintiff has, and has had since late 2015 or early 2016, a maritime lien against the Vessel under the provisions of 46 U.S.C. § 31342 (a)(1).

22. The Plaintiff is entitled to this action under the provisions of 46 U.S.C. § 31342 (a)(2), Fed.R.Civ.P., Supplemental Rule C (1)(a), and to retain possession of the Vessel as security for its maritime lien under the general maritime law of the United States.

23. The charges and impositions made by the Plaintiff and against the Vessel were, and remain, reasonable, necessary, and customary in type and amount.

24. The outstanding balance due, as of January 1, 2021, and immediately payable to the Plaintiff on behalf of the Vessel, inclusive of all payments, set offs, and credits to the Vessel is the sum of $ 25,524.31.

25. The Plaintiff is entitled to the sum of $ 25,524.31 as of January 1, 2021, plus storage and late charges as judgment against the Vessel.

26. The Plaintiff is entitled to execution of its maritime lien in its favor and against the *In Rem* Defendant Vessel under the provisions of 46 U.S.C. § 31342 (a)(2), the general maritime law of the United States, and the Supplemental Rules for Certain Admiralty and Maritime Cases, Fed.R.Civ.P.

WHEREFORE your Plaintiff demands, pursuant to the provisions of 46 U.S.C. § 31342 (a)(2), the general maritime law of the United States, and the Supplemental Rules for Certain Admiralty and Maritime Cases, Fed.R.Civ.P., the following relief:

A. That process in due form of law according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction, may issue against the *In Rem* Defendant Vessel, the M/V PERSEVERANCE, together with her engines, tackle, fittings, gear, electronics, and appurtenances, and against any such intangible property as may have been derived from the operation of the Vessel, any insurance proceeds, and all of her fixtures; and,

B. That all persons having or claiming an interest in the Vessel may be cited to appear and to answer the matter aforesaid; and,

C. That judgment be entered in the favor of the Plaintiff, SOUTHPORT MARINA

DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA , and against the *In Rem* DefendantVessel, together with her engines, tackle, fittings, gear, electronics, and appurtenances, against any such intangible property as may have been derived from the operation of the Vessel, and against any insurance proceeds, all in the amount of $ 25,524.31, plus storage and late charges, from January 1, 2021 more or less;

D. That the Plaintiff, SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA , be awarded its costs, interest, and attorney's fees; and,

E. That the Plaintiff, SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA , have such further and additional relief as may be consistent with equity and good conscience, including, if necessary, the sale of the Vessel pursuant to the provisions of 46 U.S.C. § 31326 (a) and the general maritime law of the United States.

Dated at Harbor Springs, Michigan, on this 14th day of June, 2021.

LeROY KRAMER, III
Attorney for the Plaintiff
SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA

BY: LeRoy Kramer, III

Wisconsin State Bar No. 01006437

557 Pine Street
Harbor Springs, Michigan 49740

Telephone: (231) 526-6800
Email: LKramer @ LakeLaw.us

## VERIFICATION

STATE OF WISCONSIN          )
                            ) ss.
KENOSHA COUNTY              )

      BEFORE ME the undersigned authority, personally appeared Barry Moreland who, after first having been duly sworn, did depose and state that he is the president and designated agent of the Plaintiff, SOUTHPORT MARINA DEVELOPMENT COMPANY, LLC d/b/a SOUTHPORT MARINA, in the within cause, and that the foregoing Verified Complaint is true except as to all matters stated to be made upon information and belief, and as to those matters he believes them to be true.

_____
BARRY MORELAND

SWORN AND SUBSCRIBED TO before me this _J 6_ day of June 2021.

_Tamara A. Schulz_  expires 12.8.24     [AFFIX SEAL]
NOTARY PUBLIC, Kenosha County, Wisconsin
Tamara A. Schulz



-8-

# EXHIBIT A

CONTRACT



21 - 56th Street • Kenosha, Wisconsin 53140 • 262-657-5565 • Fax: 262-657-5651

# BOAT SLIP CONTRACT 2016                           Slip # H422

Boat Name _____ Owned by __Bill & Penny Marsh__

Billing Address _____
STREET            CITY              STATE            ZIP

Home (___) _____ Work (___) _____ Cell (___) _____ E-Mail: _____

(hereinafter referred to as the "Owner")

Make/Model _____ Year _____ ☐ Power ☐ Sail    Mast Length (Sail) _____

Overall Length _____ Deck Length _____ Beam _____ Engine Make/Model _____

☐ Gas ☐ Diesel  Key Location _____

OWNER'S SIGNATURE _____   DATE 9/24/2015

BY: _____   DATE 9/26/15
AUTHORIZED AGENT/SOUTHPORT MARINA DEVELOPMENT COMPANY

By and between Southport Marina Development Company ("Marina"), the vessel and the Owner(s) listed above (collectively, the "Owner"), it is hereby agreed that in consideration of the granting permission by the Marina for the use of one of Marina's slips and the provision by the Marina of certain services, the parties agree to the following terms and conditions:

1. Marina is to provide a boat slip for the above vessel commencing on or after April 15 (weather permitting), and extending to October 15 (weather permitting).

2. The Annual Charge for said boat slip shall be $ __5987__ Dollars and __13__/100. With the return of this contract, duly executed by Owner. Owner will pay the Marina a minimum of Five Hundred and 00/100 Dollars ($500.00) as a Deposit Fee, if not previously paid. The balance of said Annual Charge is to be paid in full on or before February 28. **If owner pays the entire amount of slip payment by November 15, you will receive a 5% discount on your slip.** In the event the Annual Charge is not paid in full on or before said date, the Marina may reassign the slip and cancel this Agreement. Under no circumstances will the above vessel be accepted until this contract has been appropriately executed and accepted by the Marina. No refund or rebate (including deposit) of said Charge will be allowed if the Agreement is terminated for any reason prior to its expiration.

3. During the Term of this Agreement, the Marina may reassign the vessel to another slip at such other location in the Marina as the Marina may from time to time designate. The Marina does not allow assignment of the Agreement by the Owner and does not permit any other vessel to dock in the space assigned, without first obtaining the consent of the Marina.

4. Owner agrees, at or through Marina facilities, that payments for work contracted for or merchandise purchased and summer slipage will be made to Marina in accordance with its standard terms of net cash, payment due upon receipt of invoice. A finance charge of 1-1/2% per month (18% per year) will be charged to all accounts not paid after 10 days from invoice date.

5. Owner shall make no repairs, improvements, modifications, or alterations to any slip or other property operated by the Marina without the written consent of the Marina. Owner agrees to use and maintain any slip assigned and all other Marina facilities and property available for Owner's use and maintain any slip assigned and all other Marina facilities and property available for Owner's use, in a careful, safe and proper manner and in such condition so as to prevent damage or injury to any person, vessel or to any facility or property located at, stored in or owned by the Marina.

6. Marina assumes no responsibility for pilferage or damage by reason of vandalism, riot, or unlawful disturbance of the peace. Owner shall not hold Marina or the City of Kenosha liable for loss or damage caused by fire or the elements, unless due to the Marina's willful or wanton misconduct. The Owner further understands and agrees that the Marina is not responsible for any scratch, gouge or abrasion whatsoever on/in the above named vessel, unless due to the willful or wanton misconduct of the Marina.

Inv # 813207 ✓